### 10033

### STATE v. JACKSON.

#### (96 S. E. 416.)

1. CRIMINAL LAW — CHANGE OF VENUE — DISCRETION OF COURT.—The granting or refusing of motions for change of venue is discretionary with Court; but discretion must be judicial, and not arbitrary.

2. CRIMINAL LAW—CHANGE OF VENUE—LOCAL PREJUDICE.—Where, on motion for change of venue, accused, charged with arson, submitted affidavits of 20 prominent citizens of county, showing impossibility of impartial trial in such county because of prejudice against accused, the inflamed state of public mind, and popularity and influence of prosecutor, and State offered nothing to the contrary, accused was clearly entitled to the change.

Before SMITH, J., Jasper, Fall term, 1915.   Reversed and remanded, for change of venue and new trial.

Jas. F. Jackson was convicted of arson, and he appeals.

*Messrs. Beckett & Aman,* for appellant, cite: *As to change of venue:* Civil Code 1912, sec. 3832; McM. Eq. 348; 8 S. C. 237; 54 S. C. 368; 6 S. C. 313; 9 S. C. 284; 61 S. C. 251; 2 McC. 384; 3 Mo. 194; 12 Wend. 203 N. Y.—; 2 W. Va. 73; 10 Ind. 182.   *As to what is a dwelling house, within the meaning of law as applied to arson:* Black's Law Dictionary; Wharton's Crim. Law 357; 5 Corpus Juris 545; 27 S. C. 106; 5 Corpus Juris 546; 33 Me. 30; 64 Mass. 478; 52 N. C. 167; 13 Grat. (W. Va.) 763; Crim. Code, S. C., sec. 179.

*Mr. L. M. Gasque, acting Solicitor,* for respondent (oral argument).

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from sentence on conviction of arson, and assigns error, *inter alia,* in the refusal of his motion for a change of venue.

In support of the motion, he submitted the affidavits of 20 prominent and respectable citizens of the county to the effect that it was impossible for him to get a fair and impartial trial in Jasper county on account of prejudice against him, the inflamed state of the public mind, and the popularity and influence of the prosecutor. The State offered nothing to the contrary. The granting or refusing of motion for change of venue is in the discretion of the Court. But it is a judicial, and not an arbitary, discretion. Upon the showing made, defendant was clearly entitled to a change of venue. This view of the case makes it unnecessary to consider the other grounds of appeal.

The judgment is reversed, and the case is remanded for a change of venue and a new trial.